Osborne, J.
Plaintiff brought this action to foreclose a certain Pond and_ mortgage executed by the defendants to one Joshua V. Potter, and by him assigned to plaintiff. The complaint was dismissed at special term on the ground that the mortgage was void for usury. We think this judgment is wrong, and should be reversed. While there is no question but that the original transaction between the defendants and the mortgagee, Potter, was usurious, yet it appears from the testimony in the case that, at the time ■defendants executed and delivered the bond and mortgage in suit, they simultaneously signed and swore to an affidavit in which they severally deposed that the bond and mortgage in question ■executed by them “ was so executed and delivered to Joshua Y. Potter for a good, valuable, and full consideration, paid by said Potter, and there does not exist any counterclaim, set-off or defense whatever, in law or in equity, to or against said bond or said mortgage.” The plaintiff testified that, at the time of the assignment of the bond and mortgage in question to him, the above-mentioned affidavit of the defendants was exhibited to him; that he paid the full amount of the bond and mortgage, on its assignment to him, and that in making the purchase he relied on the statements made in the affidavit, believing them to be true; and that he had no notice of any defense to this action. Mo evidence was given to qualify or contradict this evidence of the plaintiff. We think that the making and delivery of this affidavit by the defendants, iind plaintiff’s purchase of the bond and mortgage in reliance thereon, constituted an estoppel which prevents the defendants from successfully maintaining the defense of usury in this action. The case of Weyh v. Boylan, 85 N. Y. 394, is full authority for the conclusion at which we have arrived. The facts in that case were very similar to those in the present case; and the court of appeals there held, without a dissenting voice, that such an instrument given under such circumstances estopped the mortgagors from availing themselves of the defense of usury. The affidavit made by the mortgagors, the defendants, could have been intended for no other purpose than to give currency to the bond and mortgage, as constituting a valid instrument. After it has been so used, and plaintiff having relied on the sworn statement of the mortgagors to that effect, it would be contrary to morals and good conscience .that the defendants—having, by their own act, induced the plaintiff to become the purchaser of the bond and mortgage — should .now be heard to set up the defense of usury thereto.
The learned counsel for the respondent, in making up his points :seems to have overlooked the fact that §§ 993 and 1022 of the ■Code of Civil Procedure have been materially amended since the ■decision of the cases cited by him; that §1023 has been entirely re *860 pealed; and that, therefore, those authorities are no longer in point.
Judgment reversed, and new trial ordered, with costs to abide the event.
Yah Wyck, J., concurs.